IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEREMY KOA MONIZ and KENDRA ELLA SACHIYO MONIZ, | ) ) ) | CIVIL NO. 11-00160 SOM/BMK |
| Plaintiffs, | ) ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| AMERICAN HOME MORTGAGE SERVICING, INC.; QUICK LOAN FUNDING, INC.; JOHN DOES 1- 10; JANE ROES 1-10; DOE CORPORATIONS, PARTNERSHIPS OR OTHER ENTITIES 1-10, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER GRANTING MOTION TO DISMISS

I.        INTRODUCTION AND FACTUAL BACKGROUND.

On March 10, 2011, Jeremy Koa Moniz and Kendra Ella Sachiyo Moniz filed their Complaint in this matter. The Monizes allege that Quick Loan Funding, Inc. ("Quick Loan"), and American Home Mortgage Servicing, Inc. ("American Home"), along with various unknown persons and entities, violated state and federal statutes in connection with a residential mortgage loan.

The Complaint lacks sufficient factual detail to support its claims against American Home. American Home's motion to dismiss is granted without a hearing pursuant to Local Rule 7.2(d), and the Complaint is dismissed as to American Home.

II.        <u>STANDARD OF REVIEW.</u>

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001); <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. <u>See</u> <u>Keams v. Tempe Tech. Inst., Inc.</u>, 110 F.3d 44, 46 (9th Cir. 1997); <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. <u>See</u> <u>Marder v. Lopez</u>, 450 F.3d 445, 448 (9th Cir. 2006); <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient

to defeat a motion to dismiss.  <u>Sprewell</u>, 266 F.3d at 988.

Additionally, the court need not accept as true allegations that

contradict matters properly subject to judicial notice or

allegations contradicting the exhibits attached to the complaint.

<u>Sprewell</u>, 266 F.3d at 988.  Dismissal under Rule 12(b)(6) may be

based on either: (1) lack of a cognizable legal theory, or

(2) insufficient facts under a cognizable legal theory.

<u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir.

1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d

530, 533-34 (9th Cir. 1984)).

　　　"[T]o survive a Rule 12(b)(6) motion to dismiss,

factual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the

allegations in the complaint are true even if doubtful in fact."

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal

quotation marks omitted); <u>accord</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct.

1937, 1949 (2009) ("the pleading standard Rule 8 announces does

not require 'detailed factual allegations,' but it demands more

than an unadorned, the-defendant-unlawfully-harmed-me

accusation").  "While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a

cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." <u>Id.</u> at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.

III.     <u>BACKGROUND.</u>

The Complaint contains very few factual details. It does not, for example, allege when the loan occurred or provide any information about the loan. The Complaint is similar to a number of Complaints filed by the Monizes' attorney that have been found wanting by the court, and this Order relies heavily on the dismissal orders recently issued those cases. <u>See</u> <u>Daqupion v. Green Tree Servicing, LLC.</u>, Civ. No. 11-00120 SOM/KSC, ECF No. 1; <u>Levy v. Wells Fargo Bank, N.A.</u>, Civ. No. 11-00159 SOM/KSC, ECF No. 1.

While unclear, the Monizes seem to allege that Quick Loan was their original lender. <u>See</u> Compl. ¶¶ 11, 15-16, ECF No. 1 (detailing wrongdoing by Quick Loan in connection with the closing of the loan). It appears from the Complaint that Quick Loan sold the note and mortgage to American Home at some point. <u>See</u> <u>id.</u> ¶ 31.

American Home attaches to its motion various public record documents establishing that Quick Loan was the Monizes'

original lender and that the mortgage was subsequently assigned
to a company called Liquidation Properties Inc.  For example, on
May 2, 2006, a mortgage was recorded in the State of Hawaii
Bureau of Conveyances.  See Doc. No. 2006-081116, ECF No. 7-2.
This document, which the court takes judicial notice of,
indicates that, in April 2006, the Monizes signed a mortgage in
favor of Quick Loan Funding Inc. that secured a $387,000 note.
See Lee v. City of Los Angeles, 250 F.3d 668, 668-69 (9th Cir.
2001) (when ruling on a motion to dismiss, court may take
judicial notice of matters of public record outside the pleadings
and consider those matters when adjudicating the motion to
dismiss).  The court further takes judicial notice of an
assignment of the mortgage on November 3, 2009, by Mortgage
Electronic Registration Systems, Inc., as nominee for Quick Loan
Funding Inc., to Liquidation Properties Inc.  See Doc. No. 2009-
167802, ECF No. 7-3.  American Home asserts that it is a servicer
for Liquidation Properties Inc.  Mem. Supp. Mot. ("Mot.") 1, ECF
No. 7-1.

Although the Monizes dispute the authenticity of these
recorded documents, they acknowledge in their opposition to the
motion to dismiss that their original lender was Quick Loan and
assert that the loan was "sold, transferred, or assigned,
improperly" to American Home and several other entities that were
not named as Defendants.  See Pls.' Mem. Opp. Def.'s Mot. Dismiss

("Opp.") 2-3, 10, ECF No. 12.

The court notes that the Opposition violates the court's local rules in several respects. For example, the Opposition is significantly overlong at 59 pages and 12,155 words (according to counsel's own "Certificate of Compliance with Word Limitation pursuant to LR 7.5"). Local Rule 7.5 does not permit a memorandum in excess of 30 pages, unless it contains 9,000 words or less and also has a certificate of compliance with the rule. (The certificate of compliance alone does not permit unlimited briefing.) The Opposition also violates Local Rule 7.5(f) by failing to have a table of contents and table of authorities cited. Finally, counsel delivered no courtesy copies to this court. See LR 7.7.

More importantly, the Opposition makes new allegations. See Opp. 2-10 (alleging various facts regarding Plaintiffs' background and the circumstances of the loan's execution). The court does not consider allegations made for the first time in the Opposition, because American Home was not on notice of them. See Balagso v. Aurora Loan Servs., LLC, Civ. No. 11-00029 SOM/BMK, 2011 WL 2133709, at *3 (D. Haw. May 26, 2011). The Monizes' counsel is again warned that, if he repeats the defects noted here, he will be subject to sanctions. This court has recently sanctioned the Monizes' counsel for filing an untimely opposition memorandum after the court had denied his request to

6

extend the time for filing.  <u>See</u> <u>Enriquez v. Aurora Loan Servs.,</u>

<u>LLC</u>, Civ. No. 10-00281 SOM/KSC, 2011 WL 1103808 (D. Haw. Mar. 22,

2011).  Also in <u>Enriquez</u>, the court rejected counsel's

boilerplate Complaint and cautioned him to consider filing

amended Complaints in the future without waiting for motions to

dismiss.  <u>See</u> <u>id.</u> at *1.  The Complaint in this case is virtually

identical to the one dismissed in <u>Enriquez</u>.  Counsel has known

for at least three months that this boilerplate Complaint was

rejected by this court and yet never filed an Amended Complaint

in this case.

IV.    <u>ANALYSIS.</u>

       American Home seeks dismissal of the Complaint, arguing

that the Complaint fails to sufficiently allege a claim against

American Home.  This court agrees that the Monizes' Complaint

fails to satisfy the minimal pleading standards set forth in

<u>Twombly</u> and <u>Iqbal</u>, as it lacks facial plausibility.  The court

therefore dismisses the Complaint and gives the Monizes until

August 15, 2011, to move to amend their Complaint, as explained

below.

       A.    Failure to Plead Facts as to Each Defendant and to
             <u>Distinguish Among Defendants.</u>

       The Complaint fails to make particularized allegations

as to American Home, which did not originate the loan.  The

Complaint therefore fails to state a claim that is plausible on

its face with respect to American Home.  <u>See</u> Mot. 4.  This court

7

agrees.

The Complaint alleges that the Monizes received a mortgage from Quick Loan and that the note and/or mortgage was subsequently transferred to American Home. Compl. ¶¶ 11, 15-16, 31. Throughout the Complaint, however, the Monizes make blanket statements that treat Quick Loan and American Home interchangeably, even though, by the Complaint's own allegations, the Defendants were involved in the loan at different stages. See Compl. ¶¶ 17 ("QUICK LOAN and AMERICAN failed to deal with Plaintiff MONIZ in good faith), 22 ("QUICK LOAN, And AMERICAN failed to provide Plaintiff MONIZ with signed and dated initial truth in lending disclosures"), 28 ("QUICK LOAN, and AMERICAN did not properly and timely disclose the applicable interest rate and/or annual percentage rate and actual anticipated interest that MONIZ would have to pay over the life of the loan.").

The Complaint seeks damages from American Home for actions taken by Quick Loan, the original lender. The Monizes vaguely allege that "[t]he acts and/or omissions of defendant or one or more of them were known and/or should have been known to QUICK LOAN and AMERICAN and/or are imputed to QUICK LOAN and AMERICAN." Compl. ¶ 32. The Opposition further asserts that "the wrongful acts and omissions by . . . Quick Loan are imputed to . . . AHMS [American Home]." Opp. 23. However, the Complaint is devoid of any facts supporting such a claim. The Monizes

claim that American Home, along with Quick Loan, failed to provide requisite loan disclosures and to properly "explain" the loan terms, see Compl. ¶¶ 18-23, 27-30, but also allege that American Home was assigned the loan after the loan origination, see Compl. ¶ 31. Without alleging any cognizable connection between American Home and Quick Loan or any of the Doe Defendants, the Monizes cannot hold American Home responsible for the actions of the other Defendants.

The Complaint also refers vaguely to post-mortgage wrongdoing by "Defendant" and "Defendant or one or more of them," leaving completely unexplained which Defendant allegedly participated in which post-mortgage event. See Compl. ¶¶ 32-45. For example, the Monizes allege that they experienced financial hardship and attempted to negotiate with "defendant" to modify the loan. Id. ¶¶ 33-34. "Defendant" allegedly failed to provide the Monizes with a reasonable opportunity to modify the terms of their loan. Id. ¶ 36. It is unclear which Defendant is referred to in these allegations. Given the Complaint's references to Defendants "John Does 1-10, Jane Roes 1-10, and Doe Corporations, Partnerships and Other Entities 1-10," there are any number of possibilities regarding who was involved in the post-mortgage events. As many of the Complaint's allegations involve interactions the Monizes had with Defendants (e.g., the Monizes allegedly notified Defendants about issues with the origination

of the loan and sought a loan modification, Compl. ¶¶ 34-35),
there is also no reason the Monizes could not identify specific
Defendants more particularly in the Complaint.

It appears that the Monizes, through their counsel,
simply filed a "form complaint" and either did not realize the
difference or did not bother to distinguish between Quick Loan,
American Home, and the other unnamed Defendants. In failing to
recognize that Defendants held separate roles in the mortgage
loan, the Monizes' counsel may have violated Rule 11(b)(2) and
(3) of the Federal Rules of Civil Procedure. Counsel was
recently cautioned about complying with his Rule 11 obligations
in connection with filing "form complaints" that presented
deficient arguments previously rejected on multiple occasions by
the court. See Daquipon, 2011 WL 2532848, at *4 (D. Haw. June
23, 2011); Levy, 2011 WL 2493055, at *2 (D. Haw. June 22, 2011);
Rey v. Countrywide Home Loans, Inc., Civ. No. 11-00142 JMS/KSC,
2011 WL 2160679, at *3 (D. Haw. June 1, 2011). This judge once
again cautions counsel to comply with his Rule 11 obligations in
all future filings with this court. Any future filing that fails
to comply with those obligations may result in serious
repercussions, including but not limited to substantial financial
sanctions.

The court concludes that, as a general matter, the
Complaint fails to state a claim as to American Home. To the

extent the Complaint seeks to hold American Home liable for any federal or state violation based on the original lender's conduct, the Complaint is dismissed, as it is clear that American Home is not the original lender, and there are no factual allegations in the Complaint supporting a claim that American Home should be held liable for the original lender's conduct. Moreover, the conclusory pleading fails to state a claim that is plausible on its face as to any specific Defendant. <u>See</u> <u>Cootey v. Countrywide Home Loans, Inc.</u>, Civ. No. 11-00512 JMS/KSC, 2011 WL 2441707, at *3-4 (D. Haw. June 14, 2011); <u>Letvin v. Amera Mortg. Corp.</u>, Civ. No. 10-00539 JMS/KSC, 2011 WL 1603635, at *3-4 (D. Haw. Apr. 27, 2011).

      B.   <u>Amendment of the Complaint.</u>

The Monizes are given until August 15, 2011, to submit a motion to Magistrate Judge Barry M. Kurren that seeks permission to file an Amended Complaint. The proposed Amended Complaint must be attached to the motion.  The Amended Complaint may reassert the claims asserted in the original Complaint, but the Monizes must ensure that any such Amended Complaint meets the required minimal pleading standards.  This means that, before simply reasserting claims, counsel should examine the relevant facts and tailor claims based on those facts.  Having been cautioned against filing unwarranted claims, <u>see, e.g.</u>, <u>Daqupion</u>, 2011 WL 2532848, at *4, the Monizes' counsel should ensure that

no unwarranted claims are asserted in any Amended Complaint. If, for example, a claim is barred by the relevant statute of limitation, it should not be asserted. If there is a legal theory under which American Home is liable for Quick Loan's alleged actions, at least some factual support for that theory should be included. If there is no legal justification for holding American Home liable for another company's conduct, a claim against American Home should not be asserted. Counsel is reminded that he must have a good faith basis for bringing specific claims to avoid possible sanctions. See, e.g., Holgate v. Baldwin, 425 F.3d 671, 676–77 (9th Cir. 2005); Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997).

Moreover, if the Monizes choose to move to file an Amended Complaint, they must clearly state how each named Defendant has injured them. In other words, the Monizes should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief. The Monizes should not include facts that are not directly relevant to their claims. Any complaint that fails to explain which allegations are relevant to which defendant is confusing. This, in turn, "impose[s] unfair burdens on litigants and judges" because it requires both to waste time formulating their own best guesses of what a plaintiff may or may not have meant to assert, risking substantial confusion if their

understanding is not equivalent to the plaintiff's.  <u>See</u> <u>McHenry</u> <u>v. Renne</u>, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Finally, because the claims asserted in various "form complaints" filed by Monizes' counsel in other cases have been rejected numerous times, the Monizes should consider whether it is appropriate to assert them in this action at all.  In reminding counsel about his Rule 11 obligations, this court expresses no inclination as to the validity of any claim the Monizes may assert.  The court is not here prejudging the Monizes' possible claims, but merely requiring any Amended Complaint to assert only potentially valid claims that have some factual basis.

V.       <u>CONCLUSION.</u>

For the foregoing reasons, American Home's motion to dismiss is GRANTED.  The Monizes may submit a motion to Magistrate Judge Barry M. Kurren that seeks permission to file an Amended Complaint.  The proposed Amended Complaint must be attached to the motion.  Any such motion shall be filed no later than August 15, 2011.  Should the Monizes decide to prepare an Amended Complaint, their counsel is strongly urged to meet the deficiencies identified in this order to avoid sanctions.  If no motion with an attached Amended Complaint is filed by the deadline set forth here, American Home will be automatically dismissed from this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 13, 2011.



  /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Moniz v. American Home Mortgage Servicing, Inc.; Civil No. 11-00160 SOM/BMK; ORDER GRANTING
MOTION TO DISMISS.

14