IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEREMY KOA MONIZ, ET AL., | ) | Civ. No. 11-00160 SOM-BMK |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING PLAINTIFFS' |
| | ) | MOTION TO RECONSIDER THE |
| vs. | ) | COURT'S DENIAL OF |
| | ) | PLAINTIFFS' MOTION FOR |
| AMERICAN HOME MORTGAGE | ) | LEAVE TO FILE FIRST |
| SERVICING, ET AL., | ) | AMENDED COMPLAINT |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER
THE COURT'S DENIAL OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Before the Court is Plaintiffs Jeremy and Kendra Moniz's Motion to

Reconsider the Court's Denial of Plaintiffs' Motion for Leave to File First

Amended Complaint (Doc. 31.)  After careful consideration of the Motion and the

supporting and opposing memoranda, Plaintiffs' Motion is DENIED.[1]

PROCEDURAL BACKGROUND

On March 10, 2011, Plaintiffs filed this action against Defendants

American Home Mortgage Servicing, Inc. ("American Home Mortgage") and

Quick Loan Funding, Inc.  On April 29, 2011, American Home Mortgage moved

to dismiss the Complaint.  On July 13, 2011, Chief District Judge Susan Oki

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

Mollway dismissed the Complaint and permitted Plaintiffs to file a motion for leave to file an amended complaint by August 15, 2011.

Plaintiffs filed a timely Motion for Leave to File First Amended Complaint and attached a proposed Amended Complaint. After briefing was complete, this Court held a hearing on the Motion on September 1, 2011. At that hearing, Plaintiffs' counsel requested additional time to modify the proposed Amended Complaint. The Court granted that request and continued the hearing. At the further hearing on the Motion, which was held on September 30, 2011, Plaintiffs' counsel again asked for additional time to modify the proposed Amended Complaint. The Court denied Plaintiffs' counsel's request for additional time, and explicitly instructed him that any further extensions of time to submit a proposed Amended Complaint must be asked of Chief Judge Mollway. The Court also denied Plaintiffs' Motion for Leave to File First Amended Complaint.

On November 7, 2011, Plaintiffs moved the Court to reconsider its denial of their Motion for Leave to File First Amended Complaint. Although the Court informed Plaintiffs' counsel that it would not extend the time to submit another proposed Amended Complaint, he attached to the Motion for Reconsideration a new proposed Amended Complaint.

## DISCUSSION

Plaintiffs seek reconsideration of this Court's denial of their Motion for Leave to File First Amended Complaint.

"A party may ask the court to reconsider and amend a previous order pursuant to [Rule 59(e).]" White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (internal quotation marks omitted).  Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Id.

"In the Ninth Circuit a successful motion for reconsideration must accomplish two goals."  Id.  "First, it must demonstrate some reason why the court should reconsider its prior decision."  Id.  "Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id.  According to the Ninth Circuit, there are "three grounds justifying reconsideration:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  Id.  The District of Hawaii has implemented these standards in Local Rule 60.1, which provides:

> Motions for reconsideration of interlocutory orders may
> be brought only upon the following grounds:
>     (a) Discovery of new material facts not previously
>     available;

        (b) Intervening change in law;

        (c) Manifest error of law or fact.

"Mere disagreement with a previous order is an insufficient basis for reconsideration." White, 424 F. Supp. at 1274. "Furthermore, a FRCP 59(e) motion for reconsideration may not present evidence or raise legal arguments that could have been presented at the time of the challenged decision." Id. "Whether or not to grant reconsideration is committed to the sound discretion of the court." Id.

In the present Motion, Plaintiffs ask this Court to reconsider its denial of their Motion for Leave to File First Amended Complaint. The Court held two hearings on that Motion. At the September 1, 2011 hearing, Plaintiffs' counsel admitted that the proposed Amended Complaint needed to be modified and asked for an extension of time to submit a modified proposed Amended Complaint. The Court granted that request, ordered Plaintiffs to file their modified proposed Amended Complaint by September 19, 2011, and continued the hearing on Plaintiffs' Motion for Leave to File First Amended Complaint.

At the second hearing on the Motion on September 30, 2011, Plaintiffs' counsel admitted again that the proposed Amended Complaint was faulty and asked for yet another extension of time to submit another version of the proposed Amended Complaint. The Court explained that it had already granted

Plaintiffs one extension of time to fix the proposed Amended Complaint, and expressly told Plaintiffs' counsel that he would need to seek any further extension of time from Chief Judge Mollway - not from this Court.

Rather than follow this Court's clear instructions to seek an extension of time from Chief Judge Mollway, Plaintiffs' counsel filed the instant Motion to Reconsider and attached yet another version of their proposed Amended Complaint.  In this Motion, Plaintiffs do not mention the law regarding motions for reconsideration and make no attempt at arguing why this Court should reconsider its prior ruling.  After the opposition memorandum raised the legal standard governing motions to reconsider, Plaintiffs finally acknowledged that standard in their reply memorandum, in which they simply state in conclusory fashion that the standard for reconsideration is met.  They state that:  "it is necessary for them to have leave to file the First Amended Complaint to correct errors of fact;" they "have presented newly discovered and previously unavailable evidence"; and their "application for loan modification should have been approved under the Fannie Mae guidelines."  These conclusory statements are insufficient and fail to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  White, 424 F. Supp. 2d at 1274.  Therefore, the Court exercises its

5

discretion to deny Plaintiffs' request for the "extraordinary remedy" of modifying

its prior order.  Id.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Reconsider the

Court's Denial of Plaintiffs' Motion for Leave to File First Amended Complaint is

DENIED.

DATED:  Honolulu, Hawaii, December 22, 2011.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>Moniz, et al. v. American Home Mortgage Servicing, Inc., et al.</u>, Civ. No. 11-00160 SOM-BMK;
ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S DENIAL OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT.